**Opinion issued February 27, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00363-CV

———————————

**VINCENT SUMMA AND ADRIANA SUMMA, Appellants**

**V.**

**RG BUILDING AND DEVELOPMENT, INC., Appellee**

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-33022**

## MEMORANDUM OPINION

On August 26, 2024, appellants' counsel filed an unopposed motion to abate this appeal for 90 days due to the recent death of appellant Vincent Summa.[1] The

---

[1] If a party in a civil case dies after rendition of judgment but before disposition of the appeal, the appellate court "will proceed to adjudicate the appeal as if all parties were alive" and the appellate court's judgment "will have the same force and effect

Court granted that motion by order issued on August 29, 2024, abating the appeal until November 27, 2024. On November 25, 2024, appellants filed an opposed motion to extend the abatement for another 90 days to permit Vincent Summa's widow additional time to review information related to Vincent's businesses and employees. The Court granted this motion in part, abating the appeal for another 60 days, or until February 3, 2025. On February 21, 2025, appellants filed an unopposed motion to dismiss the appeal.

We reinstate the appeal on the active docket and grant appellants' motion and dismiss the appeal. Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

---

as if rendered when all parties were living." TEX. R. APP. P. 7.2(a)(1). The appellate court may use the decedent's name on all papers. *Id.*